## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN VIDMOSKO,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:12-1685 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| **MARIROSA LAMAS, JEFFREY HORTON, LACKAWANNA COUNTY JAIL, and JEFFREY A. RACKOVAN,** | : : | |
| Defendants | : | |
| | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). As the result of the plaintiff's submission of an appropriate application to proceed *in forma pauperis*, (Doc. No. 4), and authorization form, (Doc. No. 5), a financial administrative order was issued directing the Warden/Superintendent at SCI-Rockview to begin deducting the filing fee for the instant action from the plaintiff's inmate account, (Doc. No. 6). As the plaintiff is proceeding *in forma pauperis*, the court accordingly is giving his complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B)[1]. In giving the plaintiff's complaint preliminary consideration

---

[1]Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding in forma pauperis "if the court determines that . . . the

pursuant to 28 U.S.C. §1915(e)(2)(B), the court will recommend that the complaint be dismissed.

In his complaint, the plaintiff alleges that he is currently incarcerated as a result of his conviction in the Lackawanna County Court of Common Pleas on a charge of rape by forcible compulsion. He alleges that he has a minimum release date of August 5, 2019, and a maximum release date of August 5, 2029.

The plaintiff alleges that he suffers from several mental conditions, including antisocial behavior, attention deficit hyperactivity disorder, obsessive compulsive disorder, claustrophobia, and bipolar hyperfluency disorder. Plaintiff alleges that he is mentally retarded with an I.Q. of 63 and cannot read or write.

In relation to his conviction, the plaintiff alleges that he informed the Lackawanna County District Attorney, through his public defender, that he had the above mental health conditions, but was never permitted a mental health evaluation prior to his arrest, conviction or sentencing. As a result, the plaintiff alleges that he was unlawfully convicted and is being falsely imprisoned by the defendants. The plaintiff seeking monetary damages.

---

action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

It appears from the plaintiff's complaint that he is seeking to challenge his state criminal proceedings through the instant action, and as such, his complaint is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Heck prevents an indirect attack on the validity of a conviction via a civil rights complaint unless the conviction has, in effect, been overturned. In Heck, the Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87 (footnote omitted).

Here, if the plaintiff were to succeed on his claim that he was unlawfully convicted and imprisoned as a result of deficient state court proceedings, his underlying conviction would necessarily be called into question. There is no indication from the plaintiff's complaint that his conviction has been invalidated. In fact, a review of the docket in the plaintiff's state court case reflects that he currently has pending an amended post-conviction petition. Without any indication that the plaintiff's conviction has been invalidated the

plaintiff has failed to state a cognizable §1983 claim.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED**.

          s/ *Malachy E. Mannion*
          **MALACHY E. MANNION**
          **United States Magistrate Judge**

**Date: November 1, 2012**

O:\shared\REPORTS\2012 Reports\12-1685-01.wpd